IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-327-FL

| | |
|---|---|
| ABDULFATTAH BUDAYR, | ) |
|     Plaintiff, | ) |
| v. | )     ORDER |
| STATE OF MICHIGAN, Department of Licensing and Regulatory Affairs; Bureau of Professional Licensing, | ) |
|     Defendant.[1] | ) |

This matter is before the court on plaintiff's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, (DE 10), and defendant's motion to dismiss pursuant to Rules12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6), (DE 12). The issues raised are ripe for ruling. For the following reasons, the court denies plaintiff's motion, grants motion of defendant, and dismisses the complaint for lack of jurisdiction.

### STATEMENT OF THE CASE

Plaintiff, proceeding pro se, filed a complaint on July 3, 2017, seeking an order from this court pursuant to N.C. Gen. Stat. Ann. § 15A-145.5 [2] and, based on the Full Faith and Credit clause

---

[1] Defendant is the bureau of professional licensing within the Michigan department of licensing and regulatory affairs, formerly the Michigan department of community health. (DE 14 at 4).

[2] This statute provides that "[a]ny other applicable State or local government agency shall expunge from its records entries made as a result of the conviction ordered expunged under this section upon receipt from the petitioner of an order entered pursuant to this section. The agency shall also vacate any administrative actions taken against a person whose record is expunged under this section as a result of the charges or convictions expunged." N.C. Gen. Stat. Ann. § 15A-145.5(f) ("North Carolina expunction statute").

of the United States Constitution, requiring defendant to refrain from posting on its website the disciplinary action taken against plaintiff concerning his Michigan pharmacy license and to vacate the same disciplinary action which was based on charges or convictions that have been expunged. (DE 1).

Plaintiff's complaint, filed using an Administrative Office of the Court Form, asserts the basis of this court's jurisdiction as "federal question." (Compl. (DE 1 at 3)). When asked to provide the specific federal authority for the basis of jurisdiction, plaintiff relies on Section 1 of Article IV of the United States Constitution, prescribing in part that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. art. IV, § 1 ("Full Faith and Credit Clause").

On July 26, 2017, plaintiff filed the instant motion for summary judgment, wherein he argues that pursuant to the North Carolina expunction statute and the Full Faith and Credit Clause, defendant must remove from its website the disciplinary action taken against plaintiff concerning his Michigan pharmacy license and vacate the disciplinary action against plaintiff taken by defendant. On July 27, 2017, defendant filed the instant motion to dismiss, arguing in part that plaintiff is a private citizen suing a state department and therefore plaintiff's claims are barred under the Eleventh Amendment to the United States Constitution and, accordingly, this court lacks subject matter jurisdiction.[3]

**STATEMENT OF FACTS**

The relevant facts taken in light most favorable to plaintiff may be summarized as follows.

---

[3] Plaintiff and defendant rely on multiple documents in support of their respective motions. However, because plaintiff has failed to allege facts upon which subject matter jurisdiction can be based, the court need not need not consider materials outside the pleadings. See Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982).

Plaintiff lives in North Carolina. (Compl. (DE 1) at 1). Defendant is the bureau of professional licensing for the state of Michigan. (Id. at 2). Defendant placed an order of summary suspension on plaintiff's pharmacist license on June 18, 2004 based on a misdemeanor conviction plaintiff received in North Carolina. (Id. at 4; DE 11 at 4, 15-42). On October 28, 2016, plaintiff obtained an expunction of his North Carolina misdemeanor conviction in accordance with the North Carolina expunction statute. (DE 11 at 4, 43-44). Plaintiff notified defendant that plaintiff's misdemeanor had been expunged, but defendant denied plaintiff's request to expunge from defendant's records entries made as a result of the conviction and to vacate the disciplinary action taken against petitioner's license, stating that the North Carolina expunction order is not binding on defendant. (Id. at 4, 45).

## DISCUSSION

A.  Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams, 697 F.2d at 1219.[4] Where, as here, the moving party contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based," then "all facts alleged in the complaint are assumed true." Adams, 697 F.2d at 1219. "Where the jurisdictional facts are intertwined with the facts central to the merits of the dispute . . . the entire factual dispute is appropriately resolved only by a proceeding on the merits," and Rule 12(b)(1) is "an inappropriate basis" to grant dismissal.

---

[4] Because the court determines it lacks jurisdiction, it is unnecessary to address defendant's other arguments for dismissal including lack of person jurisdiction over defendant pursuant to Rule 12(b)(2) and for improper venue pursuant to Rule 12(b)(3). For similar reasons, it is unnecessary to address plaintiff's arguments found in plaintiff's motion for summary judgment.

Adams, 697 F.2d at 1219–20.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992); see also Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir.1999). A complaint states a claim under 12(b)(6) if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds ... does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556.

In evaluating the complaint, the "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

When considering a Rule 12(b)(6) motion, a court must keep in mind the principle that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Noble v. Barnett, 24 F.3d 582, 587 n. 6 (4th Cir.1994). Nevertheless, Erickson does not undermine the requirement that a pleading contain "more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n. 5 (4th Cir. 2008) (quoting

Twombly, 550 U.S. at 555).

B.     Analysis

The Fourth Circuit has not definitively ruled on whether dismissal on Eleventh Amendment grounds is properly based on Rule 12(b)(1) or 12(b)(6).  See Andrews v. Daw, 201 F.3d 521, 525 n. 2 (4th Cir. 2000).  The distinction is not material where, as here, a defendant "contend[s] that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based," in which case "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration."  Adams, 697 F.2d at 1219; see Kerns v. United States, 585 F.3d 187, 192-93 (4th Cir. 2009).

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."  U.S. Const., Amend. XI.  In addition to the States themselves, the Eleventh Amendment shields non-consenting state agencies and departments from suits by private individuals in federal court.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).  Defendant is one such "instrumentality."  See, e.g., Abick v. State of Michigan, 803 F.2d 874, 876 (6th Cir.1986) ("The law is clear that Michigan and its agency . . . under the eleventh amendment, are immune from an action for damages or injunctive relief in federal court.")

There are three exceptions to the Eleventh Amendment's bar against suits.  Lee–Thomas v. Prince George's Cnty. Pub. Schs., 666 F.3d 244, 248-49 (4th Cir. 2012).  The first applies when an individual sues "for prospective injunctive relief against state officials acting in violation of federal law."  Id. (emphasis added)(quoting Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 437 (2004)).  This

5

exception does not apply here, because the complaint does not name as defendants any state official. See Lee–Thomas, 666 F.3d at 249.

Second, Congress may abrogate Eleventh Amendment immunity without state consent by both "unequivocally intend[ing] to do so and act[ing] pursuant to a valid grant of constitutional authority." Id. (quoting Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001)); Litman v. George Mason Univ., 186 F.3d 544, 549 (4th Cir.1999). In doing so, Congress acts under the authority of section 5 of the Fourteenth Amendment. Litman, 186 F.3d at 550. Plaintiff argues that defendant's sovereign immunity has been abrogated under the Fourteenth Amendment, but provides no other support for this argument other than noting defendant has an obligation to maintain correct records. (DE 18 at 2). Absent congressional action as here, this exception does not apply.

Third, a state may waive its immunity in federal court. Lee–Thomas, 666 F.3d at 249. Here, plaintiff is incorrect that"state sovereign immunity does not extend to cases where a plaintiff alleges the state's action is in violation of the federal constitution" or that defendant has waived sovereign immunity via Mich. Comp. Laws § 24.301. (DE 18 at 1). Mich. Comp. Laws § 24.301 provides that when a person aggrieved by a final decision of an agency in the state of Michigan has exhausted all administrative remedies available within the agency, they may obtain direct review of that decision in Michigan courts. Mich. Comp. Laws § 24.301. This law does address Eleventh Amendment waiver of the state of Michigan and its departments to submit to federal suit in the state of North Carolina, much less provide a clear and unequivocal waiver of said immunity. See Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985) ("[I]n order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to

subject itself to suit in federal court."); see also Williams v. Mich. Bd. of Dentistry, 39 Fed. Appx. 147, 148–49 (6th Cir. 2002) (holding that claims against Michigan agency defendants were barred by sovereign immunity under the Eleventh Amendment); Proctor v. Bd. of Med., No. 1:16-CV-82, 2017 WL 2972253, at *4 (W.D. Mich. Apr. 13, 2017 ) (holding that claims against Michigan department of licensing and regulatory affairs, bureau of professional licensing are barred by sovereign immunity under the Eleventh Amendment).

Even if plaintiff's claims are not barred by sovereign immunity, plaintiff has failed to invoke federal question jurisdiction because defendant solely relies on the Full Faith and Credit Clause of the United States Constitution. See Thompson v. Thompson, 484 U.S. 174, 182-83 (1988) (". . . the Full Faith and Credit Clause, in either its constitutional or statutory incarnations, does not give rise to an implied federal cause of action) (citing Minnesota v. Northern Securities Co., 194 U.S. 48 (1904) (The Full Faith and Credit Clause "only prescribes a rule by which courts, Federal and state, are to be guided . . . the clause has nothing to do with the conduct of individuals or corporations; and to invoke the rule which it prescribes does not make a case arising under the Constitution or laws of the United States.")).

## CONCLUSION

Based on the foregoing, the court GRANTS defendant's motion to dismiss for lack of subject matter jurisdiction. (DE 12). Plaintiff's motion for summary judgment is DENIED. (DE 10). The clerk is DIRECTED to close this case.

SO ORDERED, this the 7th day of December, 2017.

LOUISE W. FLANAGAN
United States District Judge